UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

George Blaisdell

    v.                                Civil No. 07-cv-390-JL
                                            Opinion No. 2010 DNH 141

City of Rochester et al.

**SUMMARY ORDER**

This case involves pro se plaintiff's claim under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights when police searched and towed his van. This court has jurisdiction under 42 U.S.C. § 1331 (federal question) for plaintiff's § 1983 claims.

Between 2008 and the present, George Blaisdell, a pro se plaintiff with health and car troubles, repeatedly failed to comply with discovery and other pretrial orders. Most recently, the plaintiff failed to comply with the court's April 8, 2010 order to pay costs and fees, levied for failure to comply with a previous discovery order, and to appear for his deposition. Blaisdell v. City of Rochester, No. 1:07-cv-390 (D.N.H. April 8, 2010) (order on motion to dismiss). To date, the plaintiff has not paid the ordered costs and fees, nor has he fully or adequately answered deposition questions.[1] The defendants

---

[1] When questioned by the court during a show cause hearing, plaintiff explained that he did not know the answers to the

noticed the court regarding the plaintiff's failure to comply with the April 8th order and requested dismissal for lack of prosecution.

After a court ordered show cause hearing, and upon review of the lengthy procedural history, the plaintiff continues to exhibit a disregard for the court's orders and future compliance is unlikely.  The plaintiff's case is dismissed for failure to cooperate in discovery and failure to prosecute.  See Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 41(b).

## I.   APPLICABLE LEGAL STANDARD

Under a district court's inherent power to manage its own docket and prevent undue delay, the court has discretion to dismiss a case for a party's failure to prosecute or comply with court orders.  Fed. R. Civ. P. 41(b); see Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (upholding dismissal when plaintiff failed to show cause for noncompliance, even after two extensions); Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (upholding dismissal when court warned plaintiff and granted additional time).

---

deposition questions.  This was a different reply from the one he gave--refusing to answer them on principle--at his deposition. See Document no. 27, ¶ 4; Blaisdell Dep. 12: 3-22, May 28, 2010.

2

The court of appeals reviews a district court's dismissal by balancing "the trial court's authority to impose such a sanction against the obvious policy considerations that favor disposition of the case on the merits." Torres-Alamo, 502 F.3d at 25 (quoting Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002)).  In balancing these interests, the court "give[s] weight to the substantive elements of the sanction, including the severity of the party's violation, mitigating excises, and repetition of the violations, as well as procedural elements such as notice and the opportunity to be heard."  Id. (citing Benitez-Garcia v. Gonzales-Vega, 468 F.3d 1, 5 (1st Cir. 2006)).

## II.  BACKGROUND

On November 9, 2004, the plaintiff's van was parked in front of his driveway with a board wedged behind the driver's side tire as a makeshift chock.  (Compl. ¶ 4.)  The defendants, the City of Rochester, New Hampshire and the Rochester Police Department, contend that the van was not sufficiently secured and was in danger of rolling into traffic.  The City towed the van and took pictures of the outside and inside pursuant to a search incident. (Answer ¶ 23.)  According to the plaintiff, the temperature was below freezing and the cold air destroyed tropical plants inside

the van, which were destined for a greenhouse to spend the winter.  (Compl. ¶¶ 2, 12.)

In a civil complaint filed in 2007, the plaintiff alleged that the defendants unlawfully seized, searched, and towed his van and "general damages to Blaisdell's civil rights."  (Compl. ¶ 25.)

A.   Pretrial conference missed

After the initial removal motions, the court set a preliminary pretrial conference date and a discovery plan deadline.  Fed. R. Civ. P. 26.  The plaintiff, however, did not attend the pretrial conference despite the court's clear directions that it would not be cancelled and that both he and the defendants' counsel were required to attend.  (Document no. 8.)  Although the defendants filed a timely proposed discovery plan and incorporated the plaintiff's changes where possible, defense counsel was also unable to reach the plaintiff, a consistently recurring problem, to discuss the discovery plan.  (Document no. 7, 1.)

The court ordered a show cause hearing why plaintiff should not pay costs and fees for defendants' appearance at the pretrial conference.  The plaintiff "moved to strike" the court's "consideration" of fees, explaining that he was ill on February 19th and did not have a telephone.  (Document no. 10, ¶¶ 2, 6.)

4

The court denied the plaintiff's motion to strike, but rescheduled the show cause hearing out of a concern that the plaintiff might not receive the order in time. The court also ordered that "in light of the plaintiff's pro se status," his request, raised previously, to remand the case to state court would be taken up at the rescheduled hearing. At the March 12, 2008 hearing, the court rescinded its order to pay costs and fees. (See Minute Order for Show Cause Hearing dated 3/12/08.)

B.   Deposition issues

Proceeding with the litigation, the defendants tried to schedule the plaintiff's deposition. They were unable to do so, and requested extended discovery deadlines and a trial continuance. (Document no. 15, ¶¶ 1, 4.) Specifically, the defendants' counsel sent the plaintiff a Notice of Deposition for December 30, 2008. The plaintiff, however, did not appear, and defense counsel was unable to contact him. (Document no. 15, ¶¶ 2-3.) In January 2009, the defendants moved to extend deadlines and continue trial due to the plaintiff's claimed health-related unavailability throughout November and most of December of 2008. Id. Without objection from the plaintiff, the court granted the motion and set a new trial date. (Endorsed Order dated 2/3/09 re [15] Motion to Continue and Extend Deadlines.)

C.   Pretrial statement issues

The plaintiff next failed to file his initial Pretrial Statement due August 3, 2009, and the court clerk had much difficulty reaching him to address his failure to file.  When the defendants filed their Pretrial Statement, they noted that the plaintiff was not reachable by telephone and the parties had not agreed to the required statement of facts therein.  (Document no. 16, 1.)  The defendants then filed a second motion to extend discovery deadlines and continue the trial based on the plaintiff's lack of response to counsel's attempts to contact him and his failure to file a Pretrial Statement.  (Document no. 17, ¶ 1.)  The court again rescheduled the trial, this time for March 2, 2010, with Pretrial Statements due on January 28, 2010.

The Plaintiff did not file his Pretrial Statement on January 28, 2010 as ordered by the court.  On February 8, 2010, court staff unsuccessfully, repeatedly, tried to contact the plaintiff regarding his Pretrial Statement, at that point a week overdue. The court then ordered the plaintiff to file his Pretrial Statement by February 16, 2010 or face dismissal for lack of prosecution.  (Order dated 2/10/10.)

D.   Continued deposition troubles

On February 16, 2010, the plaintiff finally filed his Pretrial Statement, (document no. 18.),  along with a motion to

6

continue the trial until January 2011 due to health problems. (Document no. 19, ¶ 1.)  The court ordered the trial continued until August 2010 and extended the discovery deadline until March 15, 2010.  The court further ordered the plaintiff to appear for deposition on or before March 15, 2010, and warned:  "Failure to cooperate in arrangements for, or to appear for, the deposition will result in a dismissal of the action for failure to prosecute."  (Endorsed Order dated 2/17/10 re [19] Motion to Continue Trial.)

E.   Plaintiff did not attend deposition

The plaintiff proved uncooperative in scheduling a deposition and was not deposed pursuant to the court's February 16th order.  On February 23, 2010, defense counsel properly sent the plaintiff a Notice of Deposition requiring his attendance at a deposition on March 11, 2010.  (Document no. 21, ¶ 2.)  On March 10th, defense counsel received a voicemail from the plaintiff indicating that he had car trouble and a health issue and was not sure he could come to the deposition.  The plaintiff asked to reschedule the deposition for March 12th or 15th and indicated that he was aware of the March 15th deadline.  (Document no. 21, ¶ 4.)  Defense counsel's secretary called the plaintiff five times to reschedule and received no answer.

(Document no. 21, ¶ 5.)  Defense counsel then sent a new Notice of Deposition by priority overnight mail to the plaintiff for a March 12th deposition as requested in his voicemail.[2]  (Document no. 21, ¶ 6.)  Defense counsel's secretary also tried to call twice more on March 11, 2010.  (Document no. 21, ¶ 5.)  Expecting a deposition, the defendants arranged for a court reporter, who appeared on March 11th and again on March 12th.  The plaintiff did not appear for his deposition on March 12th and was unreachable by phone.  (Document no. 21, ¶¶ 8, 9.)

On March 16th, the defendants filed a motion to dismiss and for costs and fees based on the plaintiff's failure to appear for deposition, despite the court's order and defense counsel's attempts to accommodate him.  (Document no. 21, ¶ 11.)  On March 19th, defense counsel received a letter from the plaintiff, dated March 16th, in which he proposed new deposition dates in April 2010 and explained that he did not attend the scheduled depositions because of car and health problems.  (Document no. 22, ¶ 2.)

The defendants take issue with the plaintiff's excuses, claiming that the plaintiff received the Notice of Deposition, was able to communicate with defense counsel, as indicated by his

---

[2]Federal Express confirmed that the notice was delivered at the plaintiff's address on March 11, 2010 at 2:35 p.m.  (Document no. 21, ¶ 7.)

voicemail and letter, and could have promptly rescheduled without causing such inconvenience and wasting resources.  Id. at ¶ 3.

F.   Fees and costs ordered

In response, the court issued an order partially granting the defendants' motion to dismiss and for costs and fees, staying the case until the plaintiff paid fees and costs pursuant to Fed. R. Civ. P. 30(d)(2).  (Document no. 24.)  The court ordered that the plaintiff would avoid dismissal:

> only upon certification by [defendants'] counsel that the plaintiff has appeared at her office for deposition, has been deposed, and that full payment of costs and fees has been made in satisfaction of this order. If such certification has not been received within 60 days of this order, the case will be dismissed for lack of prosecution.

Id.  The plaintiff filed an objection to the motion to dismiss--although after the April 8th order--discussing his version of the events of March 10th through 12th and explaining his health and financial constraints.  (Document no. 26, ¶¶ 2, 6, 13.)  The court maintained the stay, but reduced the fees and costs owed by plaintiff from $1,187.42 to $847.42.  (Endorsed Order dated 04/16/10 re [25] Bill of Costs.)

9

G.  Second show cause hearing ordered

On June 14, 2010, the defendants requested the relief contemplated by the April 8th order--dismissal of the case--on the grounds that the plaintiff had failed to pay court-ordered costs and fees and had shown a "questionable degree" of cooperation when he was finally deposed on May 28, 2010. (Document no. 27, ¶ 6.)

Although the plaintiff did appear for a deposition on May 28, 2010, it was difficult on several levels. (See Document no. 27, ¶¶ 3-4.) For example, on the day of the deposition--already once rescheduled--defense counsel received a message from the plaintiff that he had to go to the emergency room, but would appear at 1:30 p.m. for the 1:00 p.m. scheduled deposition. He arrived later than that, and the deposition did not begin until after 3 p.m. Id. The plaintiff declined to answer questions important to the litigation and to his compliance with the April 8th order, such as: (1) the name of the greenhouse owner and the address of the greenhouse in question[3], (2) medications used by the plaintiff which might interfere with his deposition, and (3) his source of income. Id. at ¶ 4.

---

[3]At the show cause hearing, the plaintiff told the court that he did not know the name of the greenhouse owner nor the address of the greenhouse, or even if the greenhouse was still standing.

10

The court ordered the plaintiff to appear on July 15, 2010 to show cause why the case should not be dismissed for lack of prosecution per the April 8th order.  The plaintiff filed a general objection to defendants' motion to dismiss, outlining his health problems and the unreliable state of his car.  (Document no. 28, ¶¶ 1-2.)  He contended that he did not receive notice of the deposition and did not receive a transcript of the deposition before the defendants filed their notice in response to the April 8th order.  He also stated that he was financially unable to pay costs and fees, that he was at an economic disadvantage in the proceedings, and the questions he refused to answer were not pertinent to the litigation.  (Document no. 29, ¶¶ 12, 22, 14-15.)  The defendants provided the court with UPS tracking receipts documenting notice of the deposition, and a transcript of the deposition was delivered to the address given in the plaintiff's deposition.  (Document no. 30, ¶¶ 1-2.)  At the show cause hearing, the plaintiff claimed that "someone" was stealing his mail.

At the show cause hearing, the court joined the parties at one of the counsel tables in the well of the courtroom in order to accommodate the plaintiff, who said he had difficultly hearing.  The plaintiff discussed his financial limitations and answered some questions about the greenhouse with information inconsistent with his deposition answers and pre-hearing filings.

III. **ANALYSIS**

"A district court, as part if its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." Torres-Alamo, 502 F.3d 20 at 25 (citing Cintron-Lorsenzo, 312 F.3d 522 at 526); see also Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (upholding dismissal where offender, who was forewarned of the consequences for noncompliance with a deposition order, had a "documented history of disregarding the court's orders"); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (affirming dismissal with prejudice for noncompliance with scheduling orders without good cause).

It is "well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Torres-Alamo, 502 F.3d at 25 (quoting HGM Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988)). Here, the court imposed lesser sanctions, including assessments of costs and fees, even rescinding one order to pay costs and fees. The court also repeatedly warned the plaintiff that the consequence of continued noncompliance would be dismissal.

Violation of a scheduling order may be excused if the offender presents good cause for the failure to comply. Tower Ventures, Inc., 296 F. 3d at 46-47 (citing Robson v. Hallenbeck, 81 F.3d 1, 3 (1st Cir. 1996)). "A finding of bad faith," however, "is not a condition precedent to imposing a sanction of dismissal." Young, 330 F.3d at 82. On more than one occasion the plaintiff was afforded relief from sanctions when he offered his health and car troubles as excuses. But his continued noncompliance, lack of factual support for some excuses, and failure to timely explain himself regarding the April 8th order constitute ample grounds for the court to make good on its promised sanction of dismissal.

This is not a case of a severe sanction imposed for a single act of noncompliance. See Esposito v. Home Depot U.S.A., Inc. 590 F.3d 72, 80 (1st Cir. 2009); Benitez-Garcia, 468 F.3d at 5 (reversing discovery sanction, which amounted to dismissal, when plaintiff missed one deadline). Here, the plaintiff had a documented history of serial noncompliance. On multiple occasions, the court showed a willingness to accommodate him. At a final, absolute-last-chance show cause hearing, the plaintiff was unable to satisfactorily explain his noncompliance or assure the court of future compliance.

Addressing the possibility of greater leniency for a pro se plaintiff, the First Circuit has said there are "some settings in which such leniency is appropriate." See Cintron-Lorenzo, 312 F.3d at 526-27 (acknowledging the possibility of leniency toward a pro se plaintiff, but not applying it when the court issued previous warnings and the pro se plaintiff was an attorney). However, pro se litigants in civil cases are not entitled to extra "procedural swaddling" and must still comply with procedural rules and substantive law. Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (reviewing supporting cases).

Here, the court explicitly warned the plaintiff that the case would be dismissed for failure to comply with scheduling orders. Cf. Young, 330 F.3d at 83. At the final show cause hearing, the plaintiff gave no assurance that there would not be continued failure to comply with court orders as could reasonably have been expected given his "documented history of disregarding the court's orders." Id. at 81. Rather, the plaintiff implied he would be unable to comply with the April 8, 2010 order either financially or by fully answering the defendants' deposition questions.

Based on the plaintiff's failure to prosecute this litigation, and to comply with court orders regarding discovery

14

and discovery sanctions, even after additional time and the opportunity to present excuses, this case is dismissed.  Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 41(b).

## IV.  CONCLUSION

According to the April 8, 2010 order and for the above stated reasons, the case is DISMISSED.  The clerk shall close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 10, 2010

cc:   George Blaisdell, pro se
      Catherine M. Costanzo, Esq.